## RIGHTER v. SEDGLEY

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8366. Decided Mar. 12, 1928.

Syllabus by Editorial Staff.

**851. NOTICE & KNOWLEDGE—147. Bills, Notes & Checks.**

1. Officers of corporation cannot be heard to say that they did not know as individuals what they were bound to know as officials.

2. Where note, signed by corporation, was presented to such corporation for payment, and payment not made, endorser who was officer of corporation held liable, whether or not he received actual notice of presentment and nonpayment.

Error to Common Pleas.

Judgment affirmed.

Boer, Arnold & Tobias, Cleveland, for Righter.

Krueger, & Pelton, and R. L. Davis, Cleveland, for Sedgley.

### STATEMENT OF FACTS

This cause is here on error from the Court of Common Pleas and we refer to the parties as they stood below, which is in the inverse order.

This is an action against an endorser upon a promissory note. The issue is whether there was testimony which justified the jury in finding that the defendant below had received notice of dishonor, or whether actual notice of dishonor was necessary. The note in question is as follows:

"$500.00      Cleveland, O., Aug. 28, 1922.

On demand, with ten days notice, after date, we promise to pay to the order of MARTHA J. SEDGLEY FIVE HUNDRED ........DOLLARS at 1366 Hayden Ave., E. Cleveland, Ohio. Value Received. Interest 8%.

THE HYART ELECTRIC PROD. CO.
Endorsed by officers on reverse side.
(Endorsements)
Roland E. Remley: E. C. Righter: H. B. Wright."

It appears from the evidence that the endorsers were the controlling members of the Board of Directors of a corporation known as the Hyart Electric Products Company, and the defendant Rembley was President, Righter was Treasurer, Wright, Vice President and Sedgley, Secretary of the corporation.

Sedgley was the husband of the plaintiff and was in personal charge of the business of the corporation, and acted in the capacity of General Manager as well as Secretary. It appears that he was the only officer and director who was in the corporation, giving almost his entire time to the business of the company, and probably the only officer and director who received compensation for his services. The other officers named were occasional in their duties only, and acted largely in a consulting capacity and received no compensation therefor.

It appears that on August 28, 1922, the corporation being in need of money, the note in question was negotiated, and it appears that on or about March 1, 1923, at a time when the plaintiff wanted her money, made a request for the same in writing, addressed to the corporation, and delivered to her husband, who in turn, by credible evidence, in the record, as Secretary of the Company, notified Righter of the contents of the letter, but there was no money with which to pay it. There is a conflict upon this point, as Righter claims that it was some time afterwards that he received any knowledge of the contents of the letter. It is claimed that a second letter was written bearing upon the same subject matter.

SULLIVAN, PJ.

"It is claimed that there was no presentment of the note for payment, and notice to the endorsers and consequently that there can be

no recovery. It is plain that the letter was a written demand for payment, and it appears clear that Righter received notice of its content. The only conflict being as to when, but inasmuch as there is credible evidence that he received notice upon the date it was written that fact is material, as it furnishes a basis to support the judgment.

We think the case of York v. The Franklin Tractor Co., 22 O. L. R. 377 is decisive of this case as the facts are substantially similar. In that case the endorsers were the officers in control of the corporation, and the note in question had been deposited at the bank for collection. Notice was given to the company but not to the endorsers, and it was undisputed that there were no funds available for taking up the note.

The Court of Appeals of Franklin County held that inasmuch as the endorsers were the officers in control of the corporation that the funds in law and effect were for their own advantage and accommodation, and that as directors and officers and controlling the corporation, they were in law bound to know the conditions of the note and that it was not paid when due and that they cannot be heard to say that they did not know, as individuals what they were bound to know as officials. The same rule we think applies in the present case. Righter and the other endorsers, endorsed the note personally for the purpose of securing money for the corporation, which was in practical effect, securing the money for their own personal benefit, that being the original purpose for which Righter and the others originally became endorsers upon the note.

Thus, under the reasoning of The Franklin Tractor Co., Supra, even if the defendants did not have actual notice of the dishonoring of the note, under the law of the case they would be bound as endorsers, by reason of their official relationship, to the corporation, and their opportunities for absolute knowledge of the existence of the note, and the promise therein contained. Practically speaking, the note was for their accommodation, and technically speaking, for the corporation.

We think under the decision of the case just mentioned, that they were bound with knowledge even though there was no actual notice, but as stated before, there is credible evidence in the record that the treasurer of the corporation who was conducting the finances of the corporation had written notice of demand and dishonor.

We think the case was submitted properly to the jury, and that there was credible evidence under the rule of law to sustain the verdict.

Thus holding, the judgment of the lower court is affirmed."

Vickery, J., and Levine J., concur.